# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:22-cv-04466-JLS-E                    Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

Present:  **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   V. R. Vallery                            N/A
Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                         Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER:  (1) GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO REMAND
(Doc. 13); AND (2) DENYING IN PART AND GRANTING IN
PART DEFENDANT'S MOTION TO DISMISS PURSUANT
TO RULE 12(B)(6) (Doc. 11)**

     Before the Court are: (1) Plaintiff Henry Corlew's Motion to Remand (Remand
Mot., Doc. 13, Remand Mem., Doc. 13-1.); and (2) Defendant Superior Duct Fabrication,
Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (MTD, Doc. 11, MTD Mem., Doc.
11-1.)  Defendant opposed Plaintiff's Motion to Remand (Remand Opp., Doc. 14) and
Plaintiff replied (Remand Reply, Doc. 20).  Plaintiff opposed Defendant's Motion to
Dismiss (MTD Opp., Doc. 15), and Defendant replied (MTD Reply, Doc. 16).  The Court
finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b);
C.D. Cal. R. 7-15.  Accordingly, the hearing set for January 13, 2023 at 10:30 a.m., is
VACATED.  For the following reasons, Plaintiff's Motion to Remand is GRANTED IN
PART and DENIED IN PART, and Defendant's Motion to Dismiss is DENIED IN
PART and GRANTED IN PART.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                    Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

## I.  <u>BACKGROUND</u>

On April 18, 2022, Plaintiff filed this action in the Los Angeles County Superior Court on his own behalf and on behalf of "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California."  (Compl. ¶ 13, Doc. 1-1.)  Plaintiff's Complaint alleges ten causes of action against Defendant: (1) California Labor Code §§ 510 and 1198 violations (unpaid overtime); (2) California Labor Code §§ 226.7 and 512(a) violations (unpaid meal period premiums); (3) California Labor Code § 226.7 violations (unpaid rest period premiums); (4) California Labor Code §§ 1194, 1197, and 1197.1 violations (unpaid minimum wages); (5) California Labor Code §§ 201 and 202 violations (final wages not timely paid); (6) California Labor Code § 204 violations (wages not timely paid during employment); (7) California Labor Code § 226(a) violations (non-compliant wage statements); (8) California Labor Code § 1174(d) violations (failure to keep requisite payroll records); (9) California Labor Code §§ 2800 and 2802 violations (unreimbursed business expenses); and (10) violations of California Business & Professions Code §§ 17200, *et seq.*  (*See* Compl. ¶¶ 47–117.)

On June 30, 2022, Defendant filed a Notice of Removal ("Notice") based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(c), and 1446(b).  (Notice, Doc. 1.)  According to Defendant, Plaintiff worked as a Commercial Class C Driver (formally titled "Material Expeditor") from August 6, 2018 to June 5, 2020 at Defendant's Pomona, California worksite.  (Radcliffe Decl. ¶ 2, Doc. 1-2.)  Plaintiff was a member of the International Association of Sheet Metal, Air, Rail, and Transportation Workers, Local Union 105 ("Union") for the duration of his employment with Defendant.  (*Id.* ¶ 3.)  Defendant claims that the terms and conditions of Plaintiff's employment were governed by a collective bargaining agreement ("CBA") negotiated between Defendant and the Union on or about July 1, 2015, effective until June 30, 2020.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                    Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

(Notice ¶¶ 10–11; Radcliffe Decl. Ex. A (CBA), Doc. 1-2 at 5–21.)  According to
Defendant, four of Plaintiff's causes of action are preempted by Section 301 of the Labor
Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), because they either
arise from the CBA or require substantial interpretation of the CBA.  (Notice ¶¶ 8–26.)
Section 301 vests jurisdiction in the federal courts for "[s]uits for violation of contracts
between an employer and a labor organization representing employees in an industry
affecting commerce[.]"  29 U.S.C. § 185(a).

On August 2, 2022, Defendant filed a Motion to Dismiss Pursuant to Rule
12(b)(6), arguing on various grounds that Plaintiff's Complaint should be dismissed for
failure to state a claim.  On October 5, 2022, Plaintiff filed a Motion to Remand, arguing
that the LMRA does not preempt his claims because his Complaint is based solely on
state law and resolution his claims will not require the interpretation of the CBA.
(Remand Mem. at 1.)  The questions before the Court are therefore whether any of
Plaintiff's claims here are preempted by LMRA § 301—which would grant this Court
jurisdiction over those claims—and whether dismissal of those claims is appropriate.

## II.    <u>LEGAL STANDARD</u>

### A.    **Federal Jurisdiction Under the Labor Management Relations Act**

Defendants may remove a case that was filed in state court to a federal court in the
same district and division if the federal court would have had original jurisdiction over
the action.  *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The removal statute is to be strictly construed against removal jurisdiction, and the
party seeking removal bears the burden of establishing its propriety.  *See, e.g.*, *California
ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  "To protect the
jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                    Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

remand." *Langston v. 20/20 Companies, Inc.*, 2014 WL 5335734, at *2 (C.D. Cal. Oct. 17, 2014) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (cleaned up).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (cleaned up).

        "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  However, "there is a corollary to the well-pleaded complaint rule under the complete preemption doctrine, applied primarily under § 301 of the LMRA."  *Stearns v. Davis Wire Corp.*, 2016 WL 3008167, at *2 (C.D. Cal. May 23, 2016) (cleaned up).

        Even when only state law claims have been pleaded, "complete pre-emption" is a sufficient basis for removal.  *Caterpillar*, 482 U.S. at 393.  And Section 301 of the LMRA is a federal statute that has complete preemptive force.  *Id.* at 393–94; *see also Associated Builders & Contractors, Inc. v. Loc. 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1356 (9th Cir. 1997) (explaining that Section 301 "preempts any state cause of action based on a collective bargaining agreement or whose outcome depends on analysis of the terms of the agreement" and "has been construed quite broadly to cover most state-law actions that require interpretation of labor agreements").  "The Supreme Court decided early on that in enacting this statute, Congress charged federal courts with a mandate to fashion a body of federal common law to be used to address disputes arising out of labor contracts.'"  *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (cleaned up).  "The preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization."  *Id.* (cleaned up).  Thus, once preempted under LMRA § 301, any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                    Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

claim purportedly based on state law is "considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

Courts in the Ninth Circuit use a two-step analysis to determine whether claims are preempted under Section 301.  First, the court evaluates the "'legal character' of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself"—*i.e.*, whether the CBA is "'only source' of the right the plaintiff seeks to vindicate." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018) (en banc) (cleaned up).  The question is "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Burnside*, 491 F.3d at 1059.  "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id.*  "[C]laims are not simply CBA disputes by another name, and so are not preempted under this first step, if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." *Alaska Airlines*, 898 F.3d at 921 (cleaned up).  At the same time, claims "style[d] as state law claims" can still be preempted by the LMRA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019).  "Artful pleading cannot sidestep Section 301 preemption." *Loaiza v. Kinkisharyo Int'l, LLC*, 2020 WL 5913282, at *4 (C.D. Cal. Oct. 6, 2020).

Second, if the court determines that the claim is not grounded in a CBA, it "must still consider whether [the claim] is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Burnside*, 491 F.3d at 1059 (cleaned up).  A state law right is "substantially dependent" on the terms of a CBA if a court must interpret, as opposed to merely "look to," the collective bargaining agreement to resolve the plaintiff's claim. *Id.* at 1060.  In this context, "interpretation" is "construed narrowly" and a state claim may "avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA." *Curtis*, 913 F.3d at 1153.  "[C]laims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Id.* (quoting

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                    Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

*Alaska Airlines*, 898 F.3d at 921).  If "resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language—for example, to discern that none of its terms is reasonably in dispute; to identify bargained-for wage rates in computing a penalty; or to determine whether the CBA contains a clear and unmistakable waiver of state law rights"—that is not enough for preemption.  *Alaska Airlines*, 898 F.3d at 922 (cleaned up).

When applying this two-step analysis, the Court may consider documents that are extrinsic to the complaint.  *See Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1097 (N.D. Cal. 2014) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) ("Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims.").[1]

### B.      Rule 12(b)(6)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

---

[1] Defendant requests judicial notice of the CBA and Plaintiff does not oppose the request or question the authenticity of the document.  Accordingly, pursuant to Federal Rule of Evidence 201, the Court grants Defendant's request.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                          Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g.*, *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (cleaned up).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (cleaned up).   Yet a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g.*, *id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  But a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                              Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

## III.    <u>DISCUSSION</u>

According to Defendant, four of Plaintiff's causes of action either arise from or require interpretation of the CBA controlling the terms of Plaintiff's employment with Defendant and are therefore preempted.  Plaintiff contends that none of his claims arise from or require interpretation of the CBA.  The Court addresses the parties' arguments as to each cause of action seriatim.

### A.    **Unpaid Overtime**

The parties dispute whether the unpaid overtime claims at issue here are arise from or require interpretation of the CBA.  Section 510 of the California Labor Code sets requirements, in part, for properly calculating overtime compensation for certain non-exempt employees.  But California Labor Code § 514 "states that the statutory overtime provisions of § 510 do not apply to an employee who is covered by a valid CBA which expressly provides for the (1) wages, (2) hours of work, (3) working conditions, (4) premium wage rates for all overtime hours, and (5) a regular hourly wage, not less than 30% greater than the state minimum wage."  *Marquez v. Toll Glob. Forwarding (USA) Inc.*, 2018 WL 3218102, at *2 (C.D. Cal. June 28, 2018), *aff'd sub nom. Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679 (9th Cir. 2020) (citing Cal. Lab. Code § 514).

Defendant argues that Plaintiff's California Labor Code § 510 claim for unpaid overtime is preempted under the first *Burnside* step because it is dependent on a CBA that meets the requirements of § 514.  (Notice ¶¶ 13–14; Remand Opp. at 7–11.)  Defendant also argues that this claim is preempted under the second *Burnside* step because adjudicating it will require interpreting of the CBA at issue—in particular the CBA's Addendum 27, which governs covered employees' overtime permits and how overtime pay is calculated and effectuated.  (Remand Opp. at 10–11, citing Radcliffe Decl. Ex. A (CBA) Addendum 27.)  The Court addresses each step in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                              Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

### i.      Legal Character of the Claim

In the first *Burnside* step, the court examines "the 'legal character' of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself." *Alaska Airlines*, 898 F.3d at 921.

The Ninth Circuit has recently clarified that "the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA." *Curtis*, 913 F.3d at 1153–54.  Thus, if the CBA that applies to an employee is a "qualifying CBA" carved out from California Labor Code § 510 by California Labor Code § 514, then the right to overtime pay "exists solely as a result of the CBA" and "therefore is preempted under [LMRA] § 301." *Id.* at 1154.

According to Plaintiff, his claims arise solely under state law because the hourly rate at which he was paid differed from the rate that would apply to him under the CBA. (Remand Mem. at 6–7.)  Plaintiff also argues that the CBA does not satisfy § 514 because the regular hourly wage rates for at least four classes of employees—"M23," "M26," "M28," and "M30" employees—are not at least 30% more than the California minimum wage rates.  (*Id.* at 6, citing Radcliffe Decl. Exs. D, E (Material Expeditor Wage Rate Tables), Doc. 1-2 at 61–64.)  The wage rates for "M23," "M26," "M28," and "M30" employees are $10.18, $11.51, $12.40, and $13.28 respectively for 2018, and $10.53, $11.90, $12.82, and $13.73 respectively for 2019.  (Radcliffe Decl. Exs. D, E.)  As Plaintiff notes—and Defendant does not dispute—those rates are not at least 30% greater than the California minimum wage of $11.00 per hour in 2018 (130% of $11 is $14.30) and $12.00 per hour in 2019 (130% of $12 is $15.60).  (Remand Mem. at 6.)

Defendant counters that there can be no dispute that, regardless of whether Plaintiff's individual claims for failure to pay overtime are governed by the CBA,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                          Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

Plaintiff's proposed class indisputably includes employees—"M35" and "M40" employees—whose overtime claims depend on the CBA and therefore are preempted. (Remand Opp. at 8–9, citing Radcliffe Decl. Exs. D, E.)

It is clear that the CBA satisfies the § 514 regular hourly wage rate requirement as to *some* employees—"M35" and "M40" employees—but not as to others—"M23," "M26," "M28," and "M30" employees.  (Radcliffe Decl. Exs. D, E (Material Expeditor Wage Rate Tables); Remand Opp. at 8; Remand Reply at 3.)  But "a CBA must satisfy Section 514 's substantive requirements with respect to all covered employees in order to render Section 510 inapplicable to any particular employee."  *Huffman v. Pac. Gateway Concessions LLC*,  2019 WL 2563133, at *6 (N.D. Cal. June 21, 2019).   "Put another way, Section 514 concerns the merits of the agreement itself, not its treatment of any individual employee."  *Id.*; *accord Johnson v. San Francisco Health Care & Rehab Inc.*, 2022 WL 2789809, at *4 (N.D. Cal. July 15, 2022) ("Section 514's text and legislative history dictate that a CBA must satisfy § 514 as to all employees to render § 510 inapplicable to a particular employee.")  Because the CBA at issue here does not satisfy Section 514's substantive requirement as to all covered employees, Plaintiff's unpaid overtime claim is not preempted under the first *Burnside* step.

**ii.       Whether the Claim Requires Interpreting the CBA**

Even where a CBA does not create the right at issue, LMRA § 301 may still preempt the state-law claim when "litigating the state law claim … requires interpretation of a CBA," *Alaska Airlines*, 898 F.3d at 921—that is, where the claim is "substantially dependent" on an analysis of the CBA,  *Burnside*, 491 F.3d at 1060.  "Interpretation" is construed narrowly in this context: for the claim to be preempted, there has to be an "active dispute" over the meaning of the CBA's terms, and "the result of preemption at the second step is generally *not* the extinguishment of the state law claim."  *Alaska Airlines*, 898 F.3d at 921.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                              Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

Here, Defendant *anticipates* disputes arising from the interpretation of Addendum 27, which controls covered employees' overtime permits and how overtime pay is calculated and paid.  (Remand Opp. at 10–11.)  Addendum 27 consists of six provisions that control overtime calculations, how employees are to obtain overtime permits, special shut-down permits, and overtime compensation for work performed prior to established starting or quitting times.  (Radcliffe Decl. Ex. A (CBA) Addendum No. 27.)   According to Defendant,

> Disputes are sure to be rife as between the parties with regard to those exacting overtime standards, not least of all as to whether Plaintiff required a permit for overtime work; required a special shut-down permit; whether the "off-the-clock" claims required the "contractual overtime rate" v. the rate otherwise applicable; or whether Plaintiff or other covered employees were "apprentices, pre-apprentices [or] classified workers."

(Remand Opp. at 11.)  Yet Plaintiff's complaint does not indicate anywhere that any terms in Addendum 27 are in dispute or will be at issue in the litigation.  "[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim." *Burnside*, 491 F.3d at 1060.  Defendant's expectation of a dispute about CBA terms governing the calculation and payment of overtime here is speculative and insufficient to demonstrate that there is an "active dispute" regarding the interpretation of the CBA's terms.

The only dispute here is whether the CBA at issue here satisfies California Labor Code § 514's requirements and renders § 510 inapplicable.  As noted above, the CBA does not meet California Labor Code § 514's minimum wage requirement as to all employees, so Plaintiff's unpaid overtime claim is not preempted.  Interpretation is not necessary here because the dispute is to be resolved by *reference to*—not *interpretation*

_____
**CIVIL MINUTES – GENERAL**                                                                11

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                              Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

*of* —the hourly wage rates in the CBA and state law.  Analysis of substantive terms in the
CBA is unnecessary.  Accordingly, the Court concludes that Plaintiff's unpaid overtime
claim is not preempted under the second *Burnside* step either.

Because Defendant has failed to demonstrate that LMRA § 301 preempts
Plaintiff's unpaid overtime claim under California Labor Code § 510, this claim cannot
serve as the basis for federal question jurisdiction.

**B.      Unpaid Meal Period Premiums**

The parties also dispute whether the meal period claims at issue here arise from or
depend on the CBA.  Section 512(a) of the California Labor Code provides that an
employer "may not employ an employee for a work period of more than five hours per
day without providing the employee with a meal period of not less than 30 minutes."
Cal. Lab. Code § 512(a).  Section 512(e) exempts employers from this obligation if their
workers are employed as commercial drivers and the following conditions are satisfied:

(1) The employee is covered by a valid collective bargaining agreement.

(2) The valid collective bargaining agreement expressly provides for the
wages, hours of work, and working conditions of employees, and expressly
provides for meal periods for those employees, final and binding arbitration
of disputes concerning application of its meal period provisions, premium
wage rates for all overtime hours worked, and a regular hourly rate of pay of
not less than 30 percent more than the state minimum wage rate.

Cal. Lab. Code § 512(e).
Here, Defendant argues that Plaintiff's right to a meal period exists "solely as a
result of the CBA" because the exemption in section 512(e) applies.  (Notice ¶¶ 17–19;

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                           Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

Remand Opp. at 7–10.)  Defendant's argument for Plaintiff's meal period claim being preempted is identical to Defendant's argument for preemption of Plaintiff's unpaid overtime claim under the first *Burnside* step.  And it fails for the same reason as that argument: just as the CBA at issue does not satisfy California Labor Code § 514's minimum wage requirement with respect to all covered employees and therefore cannot preempt unpaid overtime claims, it likewise fails to satisfy California Labor Code § 512(e)'s minimum wage condition and is therefore not preempted.

Because Defendant has failed to demonstrate that LMRA § 301 preempts Plaintiff's meal period claim under California Labor Code § 512, this claim cannot serve as the basis for federal question jurisdiction either.

### C.   Untimely Payment of Wages

#### i.   Legal Character of the Claim

The parties also dispute whether the untimely payment of wages claims at issue here are preempted by the LMRA.  California Labor Code § 204 sets baseline rules for the timing of semimonthly payments.  Section 204(a) provides:

All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                    Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

Cal. Lab. Code. § 204(a).  Section 204(c), however, states that "when employees are
covered by a [CBA] that provides different pay arrangements, those arrangements shall
apply to the covered employees."  *Id*. § 204(c).  Additionally,  California Labor Code.
§ 204(d) states that the requirements of California Labor Code § 204 "shall be deemed
satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll."  Cal.
Lab. Code. § 204(d).

        Here, the CBA provides for the weekly payment of wages.  (Radcliffe Decl. Ex. A
(CBA) art. VIII, § 9.)  According to Defendant, "because Labor Code 204(c) applies
independently of 204(d) and mandates pay provisions required by the CBA, the final
wages not timely paid claim is also preempted."  (Remand Opp. at 13, citing *Johnson*,
2022 WL 2789809, at *9.)  Plaintiff argues in turn that his California Labor Code § 204
claim is not preempted because "the CBA directly aligns with section 204(d) and the
right to timely payment of wages does not exist solely as a result of the CBA."  (Remand
Mem. at 9; Remand Reply at 7–8, citing *Mkoma v. Ace Parking Management, Inc.*, 2022
WL 104282, at *9 (S.D. Cal. Jan. 11, 2022).)

        As the parties' briefing makes clear, within the past year district courts have
reached opposite conclusions as to whether California Labor Code § 204(c) applies
independently of California Labor Code § 204(d) or not.  If the two provisions operate
independently, then any pay arrangement in a CBA that deviates from the default
semimonthly payment scheme of California Labor Code § 204(a) is subject to preemption
under § 204(c).  If the two provisions do not operate independently from one another,
then any pay arrangement in a CBA that complies with either California Labor Code
§ 204(a) or 204(d) is not preempted under § 204(c).  In *Johnson v. San Francisco Health
Care and Rehab Inc.*, for example, the district court adopted the former interpretation.
2022 WL 2789809, at *9.  In *Mkoma v. Ace Parking Management, Inc.*, a different
district court adopted the latter interpretation.  2022 WL 104282, at *9 ("While section
204(c) allows for a CBA to supersede section 204, the present CBA directly aligns with

---

**CIVIL MINUTES – GENERAL**                                                    **14**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                              Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

section 204(d)—thus, the right to timely payment cannot exist solely as a result of the CBA.").

    *Johnson* is more persuasive than *Mkoma* in both its interpretation of California Labor Code § 204 and its application of the Ninth Circuit's most recent guidance in *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019).  First, California Labor Code § 204(d), which provides that the "requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period[,]" is best construed as a *satisfaction provision*—unlike California Labor Code § 204(a), which sets the actual default pay arrangement from which CBAs may deviate. *See Johnson*, 2022 WL 2789809, at *9.  A CBA such as the one at issue here, which provides for the weekly payment of wages, presented a "different pay arrangement" for the purposes of California Labor Code § 204(c) because it deviates from the default semimonthly arrangement in California Labor Code § 204(a)—even if it is consistent with the "satisfaction" arrangements in California Labor Code § 204(d).

    As the *Johnson* court put it, "§ 204(d) states how employers may comply with § 204(a)"—that is, it does not create any rights as to timely payment—but has no bearing on "the exemption for employees covered by a CBA as described in 204(c)."  2022 WL 2789809, at *9.  The use of the adversative "However" at the beginning of California Labor Code § 204 (c), which is of course placed after § 204(a) but before § 204(d), supports the conclusion that the "different pay arrangements" to which the provision refers are different from the arrangement presented in what *precedes* that provision, not what *follows* it.  *Accord Landy v. Pettigrew Crewing, Inc.*, 2019 WL 6245525, at *4 (C.D. Cal. Nov. 22, 2019) ("After the statute lists the default rule for the timing of wage payments in subsections (a) and (b), subsection (c) begins with the word '[h]owever,' indicating that the default rule does not apply if the remainder of subsection (c) is met, i.e., where a CBA provides different pay arrangements.").  Thus, where a CBA provides

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                          Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

for a pay arrangement that is different from the default arrangement in California Labor Code § 204(a) but consistent with the alternatives for compliance in § 204(d), that is a "different pay arrangement" under § 204(c).

Mkoma presents a colorable but ultimately unpersuasive argument that, where an employee is covered by a CBA that provides for a pay arrangement that deviates from the default arrangement but is consistent with California Labor Code § 204(d), untimely payment in violation of that CBA "runs parallel" to violations of California Labor Code § 204 and is therefore not subject to preemption.  2022 WL 104282, at *9.  Mkoma is unpersuasive on two grounds.  First, it lacks Johnson's careful analysis of how the relevant provisions here are organized within California Labor Code § 204 and interact with one another.

Second, Mkoma's analysis relies exclusively on an unpublished district court opinion, Peters v. RFI Enterprises, Inc., 2018 WL 3869565 (N.D. Cal. Aug. 15, 2018), applying an approach to the first Burnside step that the Ninth Circuit rejected in Curtis. Before Curtis, district courts—including the Peters court—reasoned that statutory exceptions such as the ones at issue here were affirmative defenses that did not create LMRA preemption and did not confer federal jurisdiction.  See Chatman v. WeDriveU, Inc., 2022 WL 15654244, at *5 (N.D. Cal. Oct. 28, 2022) (collecting cases and explaining the shift in approach to statutory exceptions in Burnside step-one analysis that Curtis effected).  Curtis rejected that approach: where a statutory exception applies and the right on which a claim depends arises under a CBA, claims seeking to vindicate that right are preempted under LMRA § 301.  913 F.3d at 1153–55.  The upshot is that defendants can invoke statutory exceptions as the basis for federal jurisdiction, not only as affirmative defenses.  Mkoma fails to account for the interpretive shift that Curtis ushered in and relies on an opinion that is inconsistent with Curtis.  See Landy., 2019 WL 6245525, at *4 ("The court in Peters … found that a qualifying CBA failed to preempt a plaintiff's claim not only with respect to § 204(c)—the statute at issue here—but also

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                              Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

§ 510(a), the same provision with respect to which the Ninth Circuit recently reached the opposite conclusion.  That interpretation, clearly, is now incompatible with the Ninth Circuit's guidance, and can offer little instruction as to how the Court should view a similar statutory provision at this juncture.").  Accordingly, the Court declines to adopt the *Mkoma* court's reasoning.

For the foregoing reasons, the Court concludes that Plaintiff's California Labor Code § 204 is preempted under the first *Burnside* step—the claim seeks to vindicate a right that exists as a result of the CBA.  Therefore, the Court has jurisdiction over this claim.

### ii.     Whether Dismissal Is Appropriate

Defendant seeks to dismiss Plaintiff's claims that arise under the CBA and are preempted under LMRA § 301 on the grounds that "Plaintiff failed to utilize the grievance procedures set forth in the CBA" and "failed to plead that he exhausted the CBA's grievance procedures."  (MTD Mem. at 15.)  Article X of the CBA sets forth mandatory grievance procedures for covered employees.  (Radcliffe Ex. A (CBA) art. X.)  Plaintiff does not dispute that he did not resort to the grievance procedures mandated by the CBA—indeed, he does not address those procedures at all in his Opposition, arguing instead that none of his claims is preempted.  (*See generally* MTD Opp.)

Generally, "members of a collective bargaining unit must first exhaust contractual grievance procedures before bringing an action for breach of the collective bargaining agreement."  *Carr v. Pac. Mar. Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990) (citing *Clayton v. UAW*, 451 U.S. 679, 686 (1981)).  "Failure to utilize the grievance procedures, or to invoke them in a timely manner, bars grievants from pursuing remedies in court.  At a minimum, therefore, members of the bargaining unit must first turn to the grievance procedures for a remedy."  *Id*. (cleaned up).

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                     Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

---

Because Plaintiff has conceded that he failed to utilize or exhaust the CBA's
grievance procedures as to any of his claims, he fails to state a claim as to any cause of
action seeking to vindicate a right that arises under the CBA.  *Cf. Buck v. Cemex, Inc.*,
2014 WL 5430422, at *4 (E.D. Cal. Oct. 24, 2014) ("Because nothing before the Court
indicates that [Plaintiff] utilized or exhausted the CBA's grievance procedures as to any
of her claims for violation of the CBA, [Plaintiff] fails to state a claim as to each of her
CBA causes of action.").  The Court has already determined that Plaintiff's untimely
payment of wages claim arises under the CBA.  Accordingly, Plaintiff's untimely
payment of wages claim is DISMISSED WITHOUT LEAVE TO AMEND.

### D.      Unreimbursed Business Expenses

Plaintiff also alleges that Defendant "intentionally and willfully failed to
reimburse Plaintiff and the other class members for all necessary business-related
expenses and costs." (Compl. ¶ 109.)  According to Defendant, Plaintiff's unreimbursed
business expenses claim is preempted because the CBA provides for reimbursement for
parking expenses.  (Remand Opp. at 11, citing Radcliffe Ex. A (CBA) Addendum No.
19.)  Defendant contends that a court adjudicating such a claim will have to interpret the
CBA's provision regarding parking reimbursements and determine whether it is adequate
to cover the business expenses in dispute and which class members represented by
Plaintiff are within the provision's scope.  (Remand Opp. at 11–12.)  Plaintiff counters
that his Complaint does not allege any parking reimbursement claims and Defendant
simply assumes, without basis, that this provision is relevant to adjudicate the business
reimbursements claim.  (Remand Reply at 7.)

As noted above, "alleging a hypothetical connection between the claim and the
terms of the CBA is not enough to preempt the claim."  *Burnside*, 491 F.3d at 1060.
Here, there is no active dispute as to the parking reimbursement provision in the CBA—

---

**CIVIL MINUTES – GENERAL**                                                    **18**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                                Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

only Defendant's conjecture that this provision will need to be interpreted to adjudicate one of Plaintiff's claims.  That is not enough for federal jurisdiction under the second *Burnside* step.

E.      **Several CBAs In Play**

Defendant also argues that "[b]ased on the sheer number of CBAs at issue across the class[ that Plaintiff seeks to represent], LMRA preemption applies.  (Remand Opp. at 2.)  Defendant's sole authority for the proposition that the mere number of CBAs in play in a litigation can support a finding of preemption is an unpublished district court opinion, *Raphael v. Tesoro Refining and Marketing Co.*, 2015 WL 3970293 (C.D. Cal. June 30, 2015).  There, the defendant did not simply point to the existence of various CBAs, but "affirmatively presented the Court with a plethora of provisions in need of interpretation throughout the *eight* separate CBAs covering Raphael and the aggrieved employees he seeks to represent."  *Id.* at *6 (emphasis added).  After the defendant had already shown that interpretation of one of those eight CBAs would be necessary to adjudicate Raphael's claims, the Court notes that having to interpret analogous provisions in seven additional CBAs rendered the interpretive picture "increasingly muddied."  *Id.* Here, by contrast, Defendant has simply noted that other CBAs are in play during the putative class period.  Defendant filed three different CBAs together with its Notice of Removal, but does not discuss or cite to any provisions in two of those CBAs in its briefing.  (*See* Radcliffe Decl. Exs. A, B, C, Doc. 1-2 at 4–60.)  Further, Defendant's claim that the number of CBAs at issue here—*three*—is "similarly high" to the *eight* CBAs at issue in *Raphael* is, as Plaintiff notes, wrong.  (Remand Opp. at 17; Remand Reply at 9.)

Defendant has not made an affirmative showing that interpretation of any of the CBAs potentially relevant to the class's claims would be required to adjudicate those

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                      Date: December 21, 2022
Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

claims.  Accordingly, the Court concludes that the number of CBAs that may come into play here is not sufficient to establish LMRA preemption and federal jurisdiction.

### F.    Supplemental Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. §1367(a).  If a federal claim has "substance sufficient to confer subject matter jurisdiction on the court" then a federal court may exercise supplemental jurisdiction over state claims that "derive from a common nucleus of operative fact."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, the Court has determined that Plaintiff's untimely payment of wages claim is preempted under LMRA § 301 and dismissed that claim.  The Court has also determined that it does not have original jurisdiction over any other of Plaintiff's claims. After a court has "dismissed all claims over which it has original jurisdiction[,]" it is inappropriate for it to retain jurisdiction.  28 U.S.C. § 1367(c)(3); *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 746 (S.D. Cal. 2021).

Accordingly, the Court GRANTS Plaintiff's Motion and REMANDS the remaining claims.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss as to all of Plaintiff's causes of action except for the sixth cause of action for untimely

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04466-JLS-E                    Date: December 21, 2022

Title:  Henry Corlew v. Superior Duct Fabrication, Inc.

payment of wages.  The sixth cause of action is DISMISSED WITHOUT LEAVE TO
AMEND.

     The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining
state law claims, and to that extent GRANTS Plaintiff's Motion to Remand, and remands
this action to Los Angeles County Superior Court, Case No. 22STCV13075.

                                   Initials of Deputy Clerk: vrv